923 F.2d 869
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Edward R. COFFEY, Petitioner,
v.
DEPARTMENT OF the NAVY, Respondent.
 No. 90-3229.
 United States Court of Appeals, Federal Circuit.
 Nov. 9, 1990.
 
 Before RICH, PAULINE NEWMAN and MICHEL, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Petitioner appeals from the January 23, 1990 Initial Decision of the Administrative Judge (AJ), Docket No. SF07528910928, which became the final decision of the Merit Systems Protection Board (MSPB) when the MSPB declined review on February 27, 1990. We affirm.
 
 OPINION
 
 2
 Prior to his removal, petitioner was employed by the Navy as an electrician at the Mare Island Naval Shipyard, Vallejo, California. Petitioner's security clearance was revoked on August 19, 1988, based upon the results of an investigation into petitioner's background by the Navy's Central Adjudication Facility (CAF). The CAF's investigation revealed that petitioner had a prior background of (1) habitual or episodic use of intoxicants to excess; (2) illegal use of narcotics or other dangerous drugs; (3) acts or omissions that indicate poor judgment; and (4) knowing and willful falsification, concealment or omission of material facts on many government forms. Without a security clearance, petitioner became ineligible for his job as an electrician. Because all jobs at petitioner's shipyard require a security clearance, petitioner could not be reassigned, and was subsequently removed effective September 15, 1989.
 
 
 3
 Petitioner offers several arguments based on alleged denial of procedural due process. First, petitioner charges that he has not been afforded the protections of 5 USC 7513(e). That statutory section provides, inter alia, that when an adverse action is to be taken against an employee, copies of any supporting material shall be furnished to the employee affected upon the employee's request. In particular, petitioner cites the Government's failure or refusal to provide him with the investigative report which formed the basis for revoking his security clearance, after petitioner had repeatedly requested this documentation from various Government agencies. However, the record includes an extensive listing, provided to petitioner by the CAF, of the evidence upon which petitioner's security clearance revocation was based.
 
 
 4
 Citing Department of the Navy v. Egan, 484 U.S. 518 (1988), petitioner next urges that at the administrative hearing, the AJ improperly excluded evidence and testimony regarding the denial of petitioner's requests for underlying documentation. The Supreme Court stated in Egan:
 
 
 5
 An employee who is removed for "cause" under Sec. 7513, when his required clearance is denied, is entitled to the several procedural protections specified in that statute. The Board then may determine whether such cause existed, whether in fact clearance was denied, and whether transfer to a nonsensitive position was feasible. Nothing in the Act, however, directs or empowers the Board to go further.
 
 
 6
 Id. at 530. The AJ concluded that petitioner was afforded the due process requirements to which he is entitled under Egan. However, if petitioner is attacking the merits of the revocation of his security clearance, he has chosen the wrong forum. Under Egan, the MSPB does not have authority to review the substance of an underlying decision to deny or revoke a security clearance.
 
 
 7
 Lastly, petitioner challenges the Navy's denial of his third request for extension of time in which to respond to the notice of security clearance revocation. The AJ found, however, that through the Navy's grant of two extensions of time, petitioner had approximately three years in which to respond to, explain, or otherwise justify his past misconduct, but that he failed to do so. Moreover, petitioner presented the AJ with no law, rule or regulation requiring the Navy to grant him a third extension. Under these circumstances, the AJ found that the Navy's denial of the third extension request was not unreasonable.
 
 
 8
 Our review of the MSPB's decision is limited by statute. 5 USC 7703(c). The Navy's removal of petitioner must be affirmed unless it is found to be "arbitrary, capricious, an abuse of discretion, ... or unsupported by substantial evidence." Id. The AJ concluded that petitioner was afforded the due process protections to which he was entitled, and that his removal promoted the efficiency of the service. We see no grounds under 5 USC 7703(c) for reversal of the decision, and therefore affirm.